Mr. Humphrey. Good morning, your honors. I'm Preston Humphrey and I'm here on behalf of defendant appellate L. J. W. who I will refer to in that manner as he is a juvenile and this is... Before we get into the merits of this, Mr. Humphrey, I have a question about the effect of the fact that the defendant is now 21 years old, has been for six months. There are two questions that come to mind. First is, does this mean his name should still remain initials or should it now be spread on the record? And the second question is whether the dispute about transfer to adult prosecution is now moot now that he's an adult. The briefs don't discuss either of these questions, but they worry me. So do you have anything to say about them? I do, your honor. I believe because this process did begin when he was still below the age of majority, this process with the information and the motions to transfer, he was 20 years old, right before... Actually, I believe this case, the opinion of the district court below came out about a week before... I know those things, but I'm asking about the legal consequence of the fact that he's now an adult. I looked in the statute and the statute didn't seem to say anything about what happens when somebody is a juvenile when the prosecution begins, but becomes 21 during its course. Although it does say that anybody who's prosecuted under this statute must, absolutely must be housed with juveniles and cannot be housed with adults. So if somebody remains in the juvenile process even after he turns adult, you can imagine this incarcerating a 30-year-old with 13-year-olds because once a juvenile, always a juvenile. That strikes me as unlikely, but in any event, the statute doesn't resolve it. Do we have cases that resolve this question? What happens when somebody turns 21 during the course of a juvenile prosecution? No. This was an issue that... Is the answer, no, there are no cases or just no, you haven't found any such cases? This was an issue that actually we did discuss at the district court level. We have not found any cases to that effect? I think we need this brief because we need to know whether this case is moot. So we will ask the parties to file supplemental briefs within 14 days addressing two distinct questions. First, whether the defendant's name should now be unsealed, and second, whether the dispute about juvenile versus adult prosecution is now moot. Okay? Anyway, go ahead. Let's now address the merits on the assumption that it's live. Okay. The basic issue here, Judge, is whether or not the district court abuses discretion in determining in favor of transfer of the appellant from juvenile to adult status. Obviously, as a part of this determination, the court applied the six factors under 18 U.S.C. 5032 in coming to their conclusion. Now, there isn't necessarily a lot of guidance about how these six factors should be applied, and the district court has a lot of discretion in weighing how they see these factors coming out in favor of adult In this instance, the court abused this discretion for a number of reasons. Primarily, I think that, first of all, this isn't like a scoreboard where you say, okay, I have more than, I have four or more of the six factors, therefore I win. The court can look at each of these factors and they can weigh them in the manner that they see that's most appropriate. I believe in this particular instance, the district court did not necessarily give enough weight to certain factors involved in my client's personal background, and also the issue, Judge, that at this point, as we're looking at my client, he is 21 years old at the time of this determination, 20, but I still think that that's a significant factor when you're comparing the fact that the behavior that is alleged by the government and their information is behavior that occurred at the age of 15. There were, the main witness as far as the transfer in this case was my client's deputy juvenile officer, and I think there were a number of points that she brought up that are critical that I believe that the district court should have given more weight to as far as making this determination. First of all, my client was raised in what would best be described as a gang neighborhood, and that was something that one of the officers who also testified talked about the pressures of being in this neighborhood and being involved in gang activity, and that in particular, my client was one of the younger individuals who was being influenced by others in this neighborhood and in his school to be involved in a gang, and that's a factor that goes to age and social background that I don't think that the district court gave enough credit to, because on top of those things, while my client did become engaged in the juvenile system at the age of 12, and this particular behavior occurred at 15, there were some steps of intervention that were taken by the juvenile system on behalf of my client that were not fully fleshed out, and in that sense, what I'm referring to is that the deputy juvenile officer, first of all, believed that a... No, this comes back into my initial question about mootness. There are now no steps at all that can be taken by the juvenile justice system.  Nothing can be done by the juvenile justice system. That's part of my issue as well, Judge, is that... Yeah, but that... I lose. Well, you'll deal with this, but it poses the question whether if nothing can be done by the juvenile justice system, you just don't have to prosecute this person as an adult. But we still, we have to go through this process, Judge, of the transfer and the certification of him, and that is my main issue, is that based upon, in particular, portion six, which is the to determine whether or not he should be certified, but on the basis of one of the criteria, I lose by definition, is that I cannot say, as the point that you brought up before, I cannot say that my 21-year-old client should be housed with other juveniles, and that was actually an issue prior in this case, as far as his detention. Where should he be held? Because there was a feeling he cannot be held inside a juvenile facility, and that also, if he was inside an adult facility... But the statute says that if he's being prosecuted as a juvenile, he must be housed in a juvenile facility, and it's forbidden to house him with adults. That's one of the consequences of saying he's still to be prosecuted as a juvenile. He is then, as a matter of law, to be housed with juveniles, and that looks pretty problematic. Well, and the discussion about that, Judge, was that if that were to happen, that he would have to be basically kept in isolation in a juvenile facility. As far as... Solitary confinement, as a matter, as a legal requirement? Boy. Well, under the statute, Judge, yes.  No, he does not want that. He does not want that, Judge, and in fact, on that very issue... Anyway, I don't want to consume the remainder of your time. Both sides will address this in their supplemental briefs, but I just wanted to make it clear to you why I was concerned about this. Anyway, go ahead with your argument. I understand that, Your Honor. This is extremely problematic, and I guess the big issue in this sense is that there isn't a ton of guidance on how to handle these matters, because quite frankly, these matters don't necessarily come up this often. How long after the age of 21 can the juvenile system hold somebody? He can be held, in this particular instance, until 26. Okay. So that's what we're really fighting about, is the outer limit of his punishment. We are, yes. I mean, if he is prosecuted as a juvenile, he can be held until he's 26 years old. His sentence is capped at five years under the juvenile system, and he's facing a lot more time if he's prosecuted as an adult. If he's prosecuted as an adult and things do not go our way, he's looking at 35 years and a day as a minimum. Right. And he's got, what, four pending state charges against him? I can't recall if it's three or four. Something like that? Yes. Of a similar nature, as I understand it. So he's facing substantial state time, and those charges are proceeding in adult court? Yes, they are. As a matter of law, because he's not eligible. Those occurred after the age of 18. Okay. I believe I'm out of time at the moment. Okay. Thank you very much, Mr. Humphrey. Thank you. All right, Mr. Humphrey, I used a lot of your time, so we'll give you two minutes for rebuttal. Thank you, Your Honor. Ms. Summers. Thank you, Your Honor. May it please the court, Mr. Humphrey. I'm Allie Summers. I'm representing the United States in this appeal, and I will start by saying that I completely agree with this court that the statute in this case leaves a lot of questions unanswered. And in charging this case, there were significant challenges that we had to overcome. And with regard to the specific question that the court asked, that Your Honor asked from the beginning, there actually are, there is the Second District or the Second Circuit has addressed the issue of whether the Juvenile Delinquency Act, and I can brief this as the court has requested, but the Second Circuit did address in the Ramirez case that's cited in our brief, the question of whether the Juvenile Delinquency Act applies to a defendant who turns 21 during the criminal proceedings. In fact, in that case, the facts were very similar to this case. The defendant in that case was charged in 2000 with crimes that he was alleged to, that he committed in 1995. The crimes in that case included armed robbery, I believe rape and a murder, but he was charged in state court with some other crimes, and then in 2000, he was charged federally with the offenses in that case. That, it was actually a consolidated appeal, but with regard to John Doe, number two, those were the facts. And the district court, or the circuit court in that case did find that the Juvenile Delinquency Act applies to a defendant, to a juvenile, a person who committed acts of juvenile delinquency under the age of 18, but who has not yet reached the age of 21. And that the act would continue, the juvenile would, or person would continue to have the protections of the Juvenile Delinquency Act if he fell within that definition at the time of charging, even if he turned 21 during the course of the proceedings. And I will brief that further as the court has requested, but there were several other cases cited in that. But turning to the facts of this case, I think that it is clear that on the record that the district court fully considered and weighed each of the six factors required for transfer under the Juvenile Delinquency Act. And the district court did that after a full hearing in which extensive evidence was presented by the prosecution, including testimony of the defendant's juvenile probation officer, as well as of a detective that was dealing with the defendant at that time. And there is nothing to indicate that the district court abused its discretion in finding that transfer to adult status in this case is in the interest of justice. The crux of the defendant's argument is that the analysis would have been different if the defendant had been charged when he, at the time of the commissions of the offense, which he would have been 15, he was actually four days from turning 16 at the time of the second armed robbery. So I'm going to use the time of the age of 16 he would have been. But the government submits that that analysis would have been the exact same at the age of 16 as it is at his current stated age. That the only difference is that the only factor, additional factor that the court properly considered is that the defendant has since been convicted of three adult felony offenses. But if you go through the analysis of those six factors, at the time of when the defendant was 16, at the time of the commission of the offense, government submits that it would be exactly the same and that the district court's order and the specific findings... Well, could I... I hate to complicate the lives of the two of you, but it's just occurred to me that one more question is relevant to this issue on which the supplemental briefs will be filed. The definition of juvenile in 18 U.S.C. 5031 says that a juvenile is a person who has not attained his 18th birthday at the time of the crime or his 21st birthday at the time of the prosecution. What happens if somebody commits a crime the day before his 18th birthday and the prosecution begins the day after his 21st birthday? Is he prosecuted as a juvenile or as an adult? In answer to your question, Your Honor, I believe that the statute would say that he is not prosecuted as... He would be prosecuted as an adult and he does not... Right, so if the prosecution be... Even if the crime is committed before 18, if the prosecution begins after the 21st birthday, he's prosecuted as an adult. So I guess part of my question is whether it should matter to whether he's now prosecuted as an adult that the prosecution of this defendant began when he was 20 rather than the day of his 21st birthday. Well, that is interesting, Your Honor, because actually a co-defendant in this case, it falls under that exact scenario. He was under 18, but over 20. Anyway, I'm sorry to complicate your lives, but I think we will probably have to face these issues on the way to decision. So if you brief them, it'll help us. Okay, sorry. Back to you. Your Honor, I will just... With regard to whether the district court abused its discretion in weighing all of the factors, the government will stand on its brief. I certainly think that the record demonstrates that the court gave very thoughtful analysis of all six of the factors that are required under the statute and that the district court did not abuse its discretion in determining the transfer as appropriate. And for those reasons, we'd ask that the district court order be affirmed and we'll submit the additional briefing as requested by the court. I think the main thrust of Mr. Humphrey's argument is that the delay in prosecution is problematic here because it eliminates a number of the arguments that the defendant could otherwise use in favor of juvenile adjudication just by virtue of the passage of time. And that's all within the control of the prosecution. That is true, Your Honor. And there certainly was not any intentional delay for the purposes of gaining a strategic advantage such that I think would be problematic. But my answer to that would be that the analysis would have been the exact same when he was 16 years old at the time of the commission of the offense with regard to the availability of rehabilitative services as well as the likelihood of rehabilitation. Let's look first at the likelihood of rehabilitation. The court is to analyze the past treatment efforts that have been made as well as the juvenile's response to those treatment efforts. The testimony of the juvenile probation officer in this case was that by the time the defendant was 16, he'd been in the juvenile system for four years. He had been on informal supervision for two years and he was not successful in those attempts. Then she started as the supervisor for his formal juvenile petition and that she worked with him while he was on juvenile probation for a year. And during that time, she testified at length about all of the services that were offered to the defendant. And her testimony was that the defendant was not cooperative with those services. He never voluntarily cooperated with the services. Only after the court ordered him to comply, he would do the bare minimum to get by. And her testimony was that by the time, by May of 2010, which was one month before these offenses that are alleged were committed, by that time, she had exhausted all of the prior resources. So not much would have been different had this prosecution been initiated earlier. That would be the government's position. And also with regard to even the availability of juvenile's rehabilitative services, as the court points out, the district court points out, with regard to that factor six, the nature of the defendant's crimes at that time at age 15 precluded him from Illinois juvenile court jurisdiction because the Illinois Juvenile Court Act provides that a person over 15 or older who commits a crime of armed robbery with a firearm are specifically excluded from juvenile court jurisdiction. So had the defendant been charged in state court at the time of the offenses, he would have been required to have been charged as an adult and could not have had the benefits or the protections of the Juvenile Court Act then just the same as he doesn't have now. So I don't think that it does put the defendant at any disadvantage in that regard. It would have been the same analysis. During that process, was he infested either? Is this time from he's 15? He was not, Your Honor. So he's on probation of some kind? Well, let me go back. These offenses occurred in the summer of 2010. He also, at the same time, was charged with a juvenile petition in Missouri for offenses related to tampering with motor vehicles. He was then incarcerated in a juvenile facility for that offense from age 16 until his 17th birthday, not for these offenses. And then after his 17th birthday, he then picked up four. He has convictions for three adult felony convictions and a fourth one pending. So I just wonder at what point was he not in some kind of custody? Well, he was in and out of custody in the Missouri State Courts. He was on probation for most of the time. I see that I'm out of time, but I would like to answer your question if you want. He was in custody, in and out of custody, on the Missouri State charges. Then when he was charged by the U.S. Attorney's Office in 2015, he was taken into custody on these federal charges. Then on the issue of where he was held, as the court has pointed out, there was not a clear answer on where he should be held. Illinois law does not allow us to house an adult, in fact, even though a juvenile, perhaps under federal law, an adult, in fact, with juveniles. One witness says it was the scariest person she ever dealt with. Yes, she did. Obviously, it'd be hard to be incarcerated with other people, I guess. I think that that's correct, Your Honor. Any other questions? Mm-hmm. Thank you. Thank you very much, Ms. Summers. Mr. Humphrey, anything further? Just very briefly. Your Honor, I don't dispute the factual narrative that Ms. Summers gave, but I do think that there is a point about the nature of past treatments and the responses to those treatments that there needs to be a little further analysis that I don't think the district court gave enough weight to. And that is the fact that the Deputy Juvenile Officer, in this case, while she said that my client always did the bare bones minimum, she also said that he always completed the programs that she recommended for him. Now, she says he didn't take the extra steps, but he did complete the programs. But also, a large factor in what she considered his reluctance to fully engage in the programs was my client's mother. And she stated that emphatically, that she thought that my client's mother was a problem. That my client's mother was someone who was preventing him from necessarily being fully engaged. And in fact, it was a recommendation of hers that my client be placed outside of his mother's home. These are things that did not happen. And so, when I'm looking back at all of this, and I fully understand that at age 15, we're going through this same thing. We're going through this exact same thing. We're going through this exact same analysis. But at that point, I at least have the option of saying, hey, maybe there are some programs that are available. And at this point, he hasn't, at 15, and there's a part that the district court allowed in over my objection, his inclusion of his adult prosecutions. If someone steps in at this point at age 15, perhaps we don't get from A to Z in these situations. But those things did not happen. And those are things that I believe I should be entitled to argue, and that the district court should give some merit to in determining whether or not there should be a transfer to adult adjudication. Thank you. Thank you very much, Mr. Humphrey. And we appreciate your willingness to accept the appointment in this case, and your assistance to the court, as well as your client. Thank you, Your Honor. When we've received supplemental memos, the case will be taken under advisement. The court is now in recess.